NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO IRIVE, | No. 18-15925 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-00487-MMD-WGC |
| v. | |
| JO GENTRY, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

| | |
|---|---|
| RICARDO IRIVE, | No. 18-15927 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-00241-MMD-WGC |
| v. | |
| JO GENTRY, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 10, 2019[]
San Francisco, California

Before:  GOULD, IKUTA, and R. NELSON, Circuit Judges.

Nevada state prisoner Ricardo Irive appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petitions challenging his sentence in two discrete robbery trials.  Irive argues he received ineffective assistance when his trial counsel advised him to delay accepting a global plea offer until she could investigate the strength of the state's case.  He argues her mistaken representation that the offer would remain available until trial resulted in his facing trial and sentencing in both cases and receiving a higher sentence than offered in the initial global plea deal.  We affirm the district court's denial of Irive's petitions.

We review the state court's adjudication of Irive's claims under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and can grant federal habeas relief only if Irive demonstrates the Nevada Supreme Court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law," or "was based on an unreasonable determination of the facts."  28 U.S.C § 2254(d).  Under AEDPA, the question before us is "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied [the] deferential standard" set forth in *Strickland v.*

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Washington*, 466 U.S. 668 (1984). *Harrington v. Richter*, 562 U.S. 86, 100 (2011).

The Nevada Supreme Court's conclusion that Irive's trial counsel did not render deficient performance under *Strickland* was neither "contrary to" nor "an unreasonable application of . . . clearly established federal law." 28 U.S.C. § 2254(d)(1). Counsel's advice to Irive—to delay acceptance of the plea deal pending further investigation—was legally sound. Irive contends that it was unreasonable for counsel to fail to determine when the plea deal would expire, but counsel's decision not to inquire on this point—in an effort to avoid the prosecution limiting the offer—was a reasonable strategic decision. Under the circumstances, it was reasonable for the Nevada Supreme Court to conclude that trial counsel's conduct in plea bargaining met the *Strickland* standard. *See Lafler v. Cooper*, 566 U. S. 156, 163, 173-74 (2012).

Additionally, Irive has not shown that trial counsel's allegedly deficient performance prejudiced his defense. Because Irive claims he was harmed by rejecting the plea deal, he must demonstrate that but for trial counsel's mistaken representation there is a "reasonable probability" that the plea offer "would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms," and that his sentence under the plea agreement "would have been less severe" than the sentence

3

imposed.  *Lafler*, 566 U.S. at 164.

Irive has not offered any evidence that his decision to defer acceptance of the plea offer pending further investigation was contingent on the ultimately mistaken representation that the offer would remain open until trial.  Even if he had, Irive failed to demonstrate to the Nevada courts that his codefendant would also have accepted the contingent offer.  He likewise failed to provide any evidence that the ambiguous offer would have been honored by the prosecution—which, given the negotiating landscape, is questionable.  Consequently, Irive has not met the prejudice requirements of *Strickland* and the Nevada Supreme Court's finding that prejudice was not established is not unreasonable.

**AFFIRMED.**